IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CREEKSTONE ACADEMY, INCORPORATED <br><br> Plaintiff, <br><br> v. <br><br> OTTER LEARNING TN, LLC, and OTTER LEARNING, LLC <br><br> Defendants. | ) ) ) ) ) NO. ) ) JUDGE _____ ) ) ) |

**COMPLAINT**

COMES NOW the Plaintiff Creekstone Academy, Incorporated ("Creekstone"), and present as and for their causes of action against OTTER LEARNING TN, LLC and OTTER LEARNING, LLC (collectively referred to as "Otter"), as follows:

### I. NATURE OF ACTION

1. This is an action under federal and state law, seeking damages and injunctive relief, *inter alia*, for Otter's intentional and willful infringement of Creekstone's service marks and trademarks ("Creekstone Academy" which is sometimes referred to hereinafter as "the Mark"), cyberpiracy, deceptive trade practices, unfair competition, and interference with prospective business relations.

2. Otter's unlawful use of the Mark has materially damaged Creekstone's "Creekstone Academy" mark and business.

3. As a result of the unlawful actions of Otter *et al.*, Creekstone *et al.* seek, *inter alia*, damages, increased damages, punitive damages, infringer's profits, attorney's fees, costs, and preliminary and permanent injunctive relief.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331; the Lanham Act, 15 U.S.C. §§ 1125; 15 U.S.C. § 1121; and various related federal and Tennessee statutory and common laws.

5. This Court has supplemental jurisdiction over Creekstone' state law claims pursuant to 28 U.S.C. § 1367, because all of the claims arising under state law are so related to the federal question claim that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court under 28 U.S.C. § 1391.

7. This Court has both general and specific personal jurisdiction over Otter *et al.*, inasmuch as the Defendants have maintained systemic contact with the State of Tennessee, has transacted business within the State of Tennessee *e.g.*, advertised, marketed, sold, and provided the infringing services discussed below to Tennessee residents, and/or has committed acts that have caused tortious injury to Creekstone *et al.* in this Judicial District as a result of its business conduct through its business facilities located in Clarksville, Tennessee, as well as its many other locations within Tennessee.

## III. THE PARTIES

8. Plaintiff Creek Stone Academy, Incorporated is a Georgia corporation and has its principal place of business at 57 Forsyth St NW, Suite 10F, Atlanta, Georgia 30303.

9. Defendant Otter Learning TN, LLC is a limited liability company organized and existing under the laws of the State of Delaware, has a registered agent address at Cogency Global Inc. 992 Davidson Dr. Suite B, Nashville, TN 37205, and has its principal place of business at 6650 Rivers Avenue, Ste 105 PMB 90599, North Charleston, SC 29406-4829. Defendant operates several facilities within the state of Tennessee, including in Clarksville, TN.

10. Defendant Otter Learning, LLC is a limited liability company organized and existing under the laws of the State of Delaware, has a registered agent address at Lunchline Holdings, LLC 4418 Kingston Pike, Knoxville, TN 37919, and has a principal place of business at 6650 Rivers Avenue, Ste 105 PMB 90599, North Charleston, SC 29406-4829. Defendant operates several facilities within the state of Tennessee, including in Clarksville, TN.

## IV. PLAINTIFFS' INTELLECTUAL PROPERTY RIGHTS

11. At least as early as 2010, Plaintiff CREEK STONE ACADEMY adopted and used the Mark (*i.e.*, "Creek Stone Academy"), which they associated with their daycare centers and began to use in Interstate Commerce as early as 2010.

12. The Plaintiff's centers are generally depicted, as follows:



13. Since at least as early as 2010, the Plaintiffs, through the creation of their daycare centers together with the high-quality services associated therewith, have developed substantial secondary meaning and goodwill in the Mark.

14. Plaintiff has used the Mark on national television, at places of business in the state Georgia, across the United States since at least as early as 2010, and on their online website (https://www.creekstoneacademy.com) since at least as early as April 2010.

15. Plaintiff has operated five (5) daycare centers under the CREEK STONE ACADEMY brand to consumers in physical centers and online, thus they have established a rightful common-law ownership of the Creekstone Academy ™ mark.

16. Plaintiff obtained its own federal trademark registration with CREEK STONE ACADEMY pursuant to Federal Trademark Registration No. 5,665,919 for the Mark on January 29, 2019.

Page 4 of 17
Case 3:25-cv-00997    Document 1    Filed 09/03/25    Page 4 of 17 PageID #: 4

17. The Mark became incontestable pursuant to the Federal Trademark Notice of Acknowledgment Under Section 15 on May 5, 2025.

18. Plaintiff has invested monetary resources totaling thousands of dollars over the past several years in equipment, advertising, marketing, and promoting their well-known and distinctive CREEKSTONE ACADEMY Mark.

19. As a result of extensive use, sales, advertising, promotion, and commercial success, Creekstone et al.'s well-known and distinctive CREEKSTONE ACADEMY Mark has become a strong, well-known mark, and continues to maintain and represent a high standard of quality for consumers.

## V.    DEFENDANTS' UNLAWFUL CONDUCT

20. In summary, and as set forth *infra* in detail, upon information and belief, Plaintiff registered CREEKSTONES ACADEMY as an assumed name with the Tennessee Secretary of State on June 8, 2023.

21. Upon information and belief, Defendants began using the assumed name CREEKSTONES ACADEMY as a result of abuse allegations made against its daycare center which presumably necessitated a rebrand.

22. Upon information and belief, Defendants were aware of Plaintiff's academy in nearby Huntsville, Alabama, when they assumed the name in 2023.

23. Defendants received a demand to cease use of the infringing mark in July of 2025.

24. Defendants were made aware of actual consumer confusion in the marketplace that reflected unfairly and negatively on the Plaintiff.

25. Defendants have refused to cease their use of the Infringing Mark.

26. Accordingly, Plaintiff's rights in and to the CREEKSTONE ACADEMY are, and all material times have been, superior to any purported right alleged by Otter in CREEKSTONES ACADEMY, who thus is the junior and infringing user herein.

27. As the junior user, Defendant Otter's subsequent infringing adoption and use of the mark "Creekstones Academy", with knowledge of Plaintiff Creekstone's prior usages, constitutes a bad-faith intent to create confusion in the marketplace, and to misappropriate and to purloin the goodwill previously established by Plaintiff's Mark, to wit, Creekstone.

28. The infringing CREEKSTONES ACADEMY mark misappropriated by Defendants is near identical in sound and appearance to Plaintiff's CREEKSTONE ACADEMY Mark, such that there is a likelihood of confusion according to the traditional thirteen *DuPont* factors for determining whether there is a likelihood of confusion. See In *re E.I. DuPont DE Nemours & Co.*, 476 F.2d 1357, 1361 (CCPA 1973).

29. Wherefore, there is a likelihood of confusion between Plaintiff's CREEKSTONE ACADEMY Mark and the infringing CREEKSTONES ACADEMY mark misappropriated by Defendants based on the respective marks being associated with related services and being associated with services in identical channels of trade and having identical purchasers.

30. Nonetheless, Defendants chose to continue to use the Mark CREEKSTONES ACADEMY despite Defendants' knowledge that Plaintiff's CREEKSTONE ACADEMY Mark had a nearby location.

31. Because of the Defendants' blatant disregard for Plaintiff's Mark, the Plaintiff's operational business related to their daycare centers and their reputation has

been materially damaged.

## COUNT I

**Federal Unfair Competition and False Designation of Origin 15 U.S.C. § 1125(a)**

32. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set out herein.

33. Defendant Otter has deliberately and willfully attempted to trade on Plaintiff's long-standing and hard-earned goodwill in their CREEKSTONE ACADEMY mark and the reputation established by Creekstone in connection with their product and services, and Defendant has done so in a manner that confused consumers as to the origin and sponsorship of Otter et al.'s goods and served to pass off their infringing products and services in commerce as those of Plaintiff's Mark, Creekstone.

34. Defendants' unauthorized and tortious conduct has deprived, and will continue to deprive, Plaintiff of the ability to control the consumer perception of their products and services offered under Plaintiff's CREEKSTONE ACADEMY Mark, by equitably placing the valuable reputation and goodwill of Creekstone in the hands of Defendants.

35. Defendants' conduct in adopting and using the Infringing Mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, and association of Defendants and their goods and services with the Mark (Creekstone), and as to the sponsorship, origin, or approval of Otter et al. and their goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. As a result of Defendants' conduct, Plaintiff has suffered damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff in their CREEKSTONE ACADEMY Mark. Unless preliminarily and permanently enjoined, Defendants' conduct has caused and will cause Plaintiff irreparable harm, for which there exists no adequate remedy at law.

37. Under 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants all damages that they have sustained and may later sustain due to Defendants' improper conduct, and profits from their improper conduct, in an amount to be proven at trial, and to be trebled.

38. Defendants' actions have been knowing, willful, and deliberate, and accordingly amount to exceptional circumstances that justify an award of attorney's fees to Plaintiff under 15 U.S.C. § 1117.

## COUNT II
**Dilution by Blurring; Dilution by Tarnishment 15 U.S.C. § 1125(c)**

39. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set out herein.

40. Defendants' use of CREEKSTONES ACADEMY as their mark is likely to dilute the distinctive quality of Plaintiff's CREEKSTONE ACADEMY Mark under Section 43(c) of the Lanham Act, as amended, 15 U.S.C.§1125(c). Specifically, upon information and belief, Defendants have unlawfully used and misappropriated Plaintiff's CREEKSTONE ACADEMY Mark in various social media, including, *inter alia*, the following:

- Love https://www.creekstoneacademy.com; and
- https://www.instagram.com/creekstoneacademyhp

41. Plaintiff owns federal trademark rights to the CREEKSTONE ACADEMY Mark based on its Federal Trademark Registration No. 5,665,919 for the Mark.

42. Plaintiff's CREEKSTONE ACADEMY Mark is incontestable pursuant to Section 15 of 15 U.S.C. § 1065.

43. Plaintiff owns common-law rights to the CREEKSTONE ACADEMY Mark based on the continuous and extensive use of the marks in interstate commerce to promote their goods and services over the past 15 years.

44. Plaintiff has invested a substantial amount of time, money, and other resources in promoting their CREEKSTONE ACADEMY Mark in the United States.

45. The public and the trade have come to rely on Plaintiff's CREEKSTONE ACADEMY to distinguish its Creekstone's goods and services from those of others.

46. Plaintiff's CREEKSTONE ACADEMY Mark represents a valuable asset owned by Creekstone.

47. Plaintiff's rights in their CREEKSTONE ACADEMY Mark are superior to Defendants' subsequent use of the CREEKSTONES ACADEMY name.

48. Defendants' CREEKSTONES ACADEMY trade name is part of a repeated pattern or practice of infringement and deceptive trade practices by Defendants.

49. Defendants' use of the Infringing Mark in marketing substantially the same goods and services as Plaintiff sells under their "CREEKSTONE ACADEMY" Mark is likely to cause confusion; or to cause mistake; or to deceive and mislead as to the source, origin, sponsorship, or approval of Defendants' goods and services; and suggests that

Page **9** of **17**
Case 3:25-cv-00997     Document 1     Filed 09/03/25     Page 9 of 17 PageID #: 9

Defendants or its goods and services have an affiliation, sponsorship with, or approval by Plaintiff, which they do not have.

50. Unless enjoined, Defendants' confusing and deceptive misuse of Plaintiff's trusted "CREEKSTONE ACADEMY" Mark will continue to irreparably harm Plaintiff, as well as the public.

51. Defendants' commercial use of "CREEKSTONES ACADEMY" and other valuable intellectual property rights has caused and likely will continue to cause dilution by "blurring."

52. Defendants' commercial use of "CREEKSTONES ACADEMY" and other valuable intellectual property rights has caused and likely will continue to cause dilution by "tarnishment."

53. Defendants willfully intended to trade on Plaintiff's reputation and to cause dilution and/or tarnishment of Plaintiff's Mark.

54. As a consequence of Defendants' acts, Plaintiff is entitled to injunctive and other relief as prayed. Plaintiff has no adequate remedy at law.

## Count III
## Cyberpiracy
## 15 .S.C. § 1125(d)

55. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set out herein.

56. Defendants have unlawfully registered domain names, including, *inter alia,* the following:

- https://www.creekstoneacademy.com and
- https://www.instagram.com/creekstoneacademyhp

  ("Unauthorized Websites").

57. The domain names for Defendants' Unauthorized Websites unlawfully incorporate Plaintiff's Creekstone Academy's name. The domain names for the Unauthorized Websites are also nearly identical to and confusingly similar to the following website domain that is lawfully owned and operated by Plaintiff:

    https://www.creekstoneacademy.com

58. Defendants have exhibited a bad faith intent to profit from Plaintiff's Mark by, by committing the following:

A. Exploiting the "Creekstone Academy" name in the Unauthorized Websites;

B. Operating the Unauthorized Websites that contain advertising and products for sale without Plaintiff's sponsorship or approval;

C. Lacking any trademark, name, or other intellectual property rights in the Unauthorized Websites' domain; and,

D. Engaging in a pattern and practice of infringing the Plaintiff's "Creekstone Academy" Mark and commercial rights.

59. Defendants' operation of the Unauthorized Websites constitutes cyberpiracy in violation of Plaintiff's rights under Section 43(d)(1) of the Lanham Act, 15 U.S.C. § 1125(d)(1). Defendants' actions have been knowing, deliberate, willful, intentional, and malicious.

60. As a result of Defendants' cyberpiracy in violation of 15 U.S.C. § 1125(d)(1), Plaintiff has suffered damages in an amount to be determined at trial.

61. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to treble damages and attorneys' fees and costs.

62. Under 15 U.S.C. § 1117(d), Plaintiff may elect, at any time before final

judgment is entered by the trial court, to recover, instead of actual damages and profits for Defendants' violation of 15 U.S.C. § 1125(d)(1), an award of statutory damages of up to $100,000 per each violation by Defendants, as the Court considers just.

63. As a result of Defendants' cyberpiracy in violation of 15 U.S.C. § 1125(d)(1), Plaintiff has suffered, and will continue to suffer, irreparable harm. Plaintiff's remedies at law are not by themselves adequate to repair the harm from Defendants' actions, and the irreparable harm that Plaintiff presently suffers will continue unless and until this Court enjoins Defendants' purported ownership and Defendants' fraudulent use of the domain names and Defendants' inequitable operation of the Unauthorized Websites. Plaintiff therefore, is entitled to protection by injunctive relief, including transfer of the domain names to Plaintiff. (creekstonesacademy.com).

## COUNT IV

### Violation of Tennessee's Uniform Deceptive Trade Practices Act
### Tennessee Code § 14-18-104 *et seq.*

64. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set out herein.

65. Through Defendants' unauthorized use of Plaintiff's name, brand, goodwill, and other intellectual properties within the State of Tennessee, Defendants have caused the likelihood of confusion or misunderstanding as to Defendants' affiliation, connection, or association with Plaintiff.

66. As a result of Defendants' actions in violation of Tennessee Code § 14-18-104 et seq., Plaintiff has suffered damages and will continue to do so until such conduct is permanently enjoined by the Court. As such, Plaintiff is entitled to injunctive relief.

67. As a result of Defendants' wrongful acts, Plaintiff is entitled to recover (i)

actual and compensatory damages suffered, and (ii) a disgorgement of Defendants' profits gained as a result of violating Plaintiff's rights.

68. Plaintiff is also entitled to an award of the expenses of litigation against Defendants, including reasonable attorneys' fees, as a result of Defendants' unauthorized and intentional actions and bad faith.

69. Plaintiff is entitled to an award of punitive damages against Defendants in order to punish Defendants and to deter further misconduct.

## COUNT V
### Interference with Prospective Business Relations
### Tennessee Common Law

70. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set out herein.

71. Defendants, individually, severally, or collectively, and acting with knowledge, improperly, and without privilege and with malice and intent to injure, have caused third parties to discontinue or fail to enter into anticipated business relationships with Plaintiff.

72. Absent Defendants' unlawful and unprivileged interference, these business relations were reasonably likely to have developed in fact.

73. As a direct and proximate result of Defendants' improper acts and unlawful interference, Plaintiff has been harmed in an amount to be determined at trial.

## COUNT VI
### Attorneys' Fees and Costs of Litigation

74. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set out herein.

75. Defendants have been stubbornly litigious, have acted in bad faith, and have caused Plaintiffs unnecessary trouble and significant expense. As amply demonstrated in the factual section hereof, *supra*, Defendants' ongoing unlawful conduct including Defendants' abject refusal (i) to comply with Plaintiff's cease and desist letters, and (ii) to respond to Plaintiffs' attempts to reach an amicable resolution of the issues set forth in this Complaint warrant an award of reasonable attorneys' fees incurred in prosecuting this action, which is the only viable means for terminating Defendant's illegal acts.

76. Accordingly, Plaintiffs request an award of attorneys' fees, and costs and expenses of litigation, as determined by the judge, pursuant to T.C.A. § 20- 12-109.

## COUNT VII
## Punitive Damages
## T.C.A. § 29-39-104

77. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set out herein.

78. Defendants' actions and conduct as alleged throughout this Complaint were malicious, intentional, fraudulent, and or reckless, which raises the presumption of Defendants' conscious indifference to the consequences of their actions.

79. Therefore, Defendants are liable to Plaintiffs for punitive damages in an amount to be determined in the enlightened conscience of the jury.

**Demand for Jury Trial**

In accordance with Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury for all matters so triable.

# PLAINTIFF'S PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands, as follows:

a.  That the Court issue any such process against Defendants Otter, et al. as may be required by law;

b.  That the Court, during the pendency of this case and permanently thereafter, enjoin and restrain Defendants Otter, et al., their officers, agents, servants, employees, and attorneys, as well as successors and assigns, and all others in active concert or participation with them, from the dealing in, marketing, selling, or distributing of products or services that:

    i.  bear the infringing trade name or Infringing Mark(s);

    ii. bear trade a trade design or wording confusingly similar to Plaintiff's trade-name or Mark(s); or,

    iii. bear any other trademarks or trade dress owned or used by Plaintiff, or any trademarks or trade dress confusingly similar thereto.

c.  That the Court order Defendants Otter et al., and all others acting in concert or vicariously through or under Defendants Otter et al., whether individually, jointly, or severally, to:

    i.  account for and pay over to Plaintiff all profits that Defendants Otter et al., individually, jointly, or severally, have derived from their wrongful acts, and that this damages award be trebled in accordance with 15 U.S.C.§ 1117(a) and other applicable law;

    ii. withdraw any further trademark application(s) for "CREEKSTONE ACADEMY", "CREEKSTONE ACADEMY APPAREL", or any confusingly similar term;

iii. change the name (URL) of the Unauthorized Websites of Defendants Otter et al., from their currently infringing domain names to a non-infringing name that does not contain the phrase "Creekstone Academy", or those words in any order whatsoever;

iv. deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, t-shirts, and any other item(s) in Defendants' possession, custody or control, bearing the infringing name, logo, trade dress, or any other confusingly similar names or marks in accordance with 15 U.S.C. § 1118 and other applicable law;

v. send a notice via email, text message, and/or regular mail to all existing attendees, sponsors, vendors, presenters, celebrities, advertisers, exhibitors, or others who have paid money to Defendants for any sales of Defendants stating that the dealing in, marketing, sale, distribution, or provision of services or products bearing the "CREEKSTONE ACADEMY" name, logo, trade dress, or other infringing mark is unlawful pursuant to an order issued by this United States District Court; post a notice on each of Defendants' website(s) and social media platforms including, but not limited to, Facebook, Instagram, and Twitter that the dealing in, marketing, sale, distribution, or provision of services or products bearing the "CREEKSTONE ACADEMY" name, logo, trade dress, or other similar Mark as used by Defendants is unlawful pursuant to an order issued by this United States District Court;

Page **16** of **17**
Case 3:25-cv-00997    Document 1    Filed 09/03/25    Page 16 of 17 PageID #: 16

vi. enter into the record of the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which Defendants, individually, jointly, or severally, have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116 and other applicable law.

d. That Judgment be entered in favor of Plaintiff and against Defendants, individually, severally, or jointly, for an amount in monetary relief to be determined at trial;

e. That Plaintiff be awarded all available federal and state statutory and common law damages in an amount to be determined at trial including, but not limited to, lost profits, Defendants' profits, reasonable royalties, the cost of corrective advertising, treble damages, punitive damages, and reasonable attorneys' fees and costs;

f. That Plaintiff be awarded exemplary damages in an amount not to exceed the amounts as required by statute and other applicable law;

g. That Plaintiff be awarded reasonable attorneys' fees actually and reasonably incurred in this action, under the Lanham Act, the respective Tennessee state statutes, and the inherent powers of the Court; and

h. That the Court grant to Plaintiff any and all additional relief that the Court deems to be just.

Respectfully submitted, this 3rd day of September 2025.

/s/ Nichon Mitchell
_____
Nichon Shannon Mitchell, Esq. (TNBPR# 020992)
Mitchell Legal Solutions, PLLC
P.O. Box 2565, Red Oak, TX 75154
(615) 856-8565 | nichonesq@gmail.com